# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEROME WILLIAMS,** | ) | |
| | ) | |
| **Movant/Defendant,** | ) | |
| | ) | **Case Numbers:** |
| vs. | ) | **2:16-cv-8101-CLS** |
| | ) | **(2:97-cr-0377-CLS-JHE)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

This action is before the court on the motion filed by Jerome Williams to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255.[1] Upon consideration of the motion and the parties' briefs,[2] this court concludes that Williams's motion is due to be denied.

## I. PROCEDURAL BACKGROUND

On February 20, 1998, Williams pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a)&(d) (Count One); one count of carrying or using

---

[1] *See* doc. no. 1 in case no. 2:16-cv-8101-CLS.

[2] *See* the following documents in case no. 2:16-cv-8101-CLS: 6 (Response to Williams's § 2255 Motion); 7 (Reply to the Government's Response to Mr. Williams's § 2255 Motion); 9 (Supplemental Authority to Mr. Williams's § 2255 Motion); 10 (Second Notice of Supplemental Authority to Mr. Williams's § 2255 Motion); 12 (Response to Williams's Second Notice of Supplemental Authority); 13 (Reply to Government's Response to Mr. Williams's Second Notice of Supplemental Authority).

a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Two); and, one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four).[3] He was sentenced on May 21, 1998, to imprisonment for a term of 300 months (25 years) on Count One, 327 months (27 years and 3 months) on Count Four (to be served concurrently with the sentence on Count One), and 60 months (5 years) on Count Two (to be served consecutively to the sentence on Counts One and Four).[4]

Generally speaking, a violation of 18 U.S.C. § 922(g)(1) (Count Four) is punishable by a maximum prison sentence of 120 months, or 10 years. 18 U.S.C. § 924(a)(2). Here, however, Williams's sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides, in pertinent part, that:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony* or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C.A. § 924(e)(1) (emphasis supplied).

---

[3] *See* doc. no. 40 in case no. 2:97-cr-0377-CLS-JHE.
[4] *See* doc. no. 55 in case no. 2:97-cr-0377-CLS-JHE (Judgment).

The convictions and sentences this court imposed upon Williams were affirmed by the Eleventh Circuit on direct appeal in 1999.[5] Williams has filed two previous motions to vacate, set aside, or correct his sentence — one in 2005 and one in 2010. Both motions were either denied or dismissed by this court.[6] Williams, therefore, would have been unable to file a third § 2255 motion without first receiving permission from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244. The Eleventh Circuit granted him that permission on June 27, 2016, because it found that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551 (2015), constituted "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).[7]

## II. DISCUSSION

At the time of Williams's sentencing, the ACCA defined the term "violent felony" as:

---

[5] *See* doc. no. 66 in case no. 2:97-cr-0377-CLS-JHE (Eleventh Circuit Mandate).
[6] *See* case no. 2:05-cv-8075-CLS-RRA; case no. 2:10-cv-8012-CLS-RRA.
[7] *See* doc. no. 2 in case no. 2:16-cv-8101-CLS (Notice of Appellate Authorization to Consider a Second Motion Under 28 U.S.C. § 2255).

>   "any crime punishable by imprisonment for a term exceeding one year . . . that —
>
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>   (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

*Johnson,* 135 S. Ct. at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis in *Johnson*). Subdivision (i) is commonly referred to as the "elements clause," and the first part of subdivision (ii) is referred to as the "enumerated offenses clause." The italicized language in subdivision (ii) is referred to as the "residual clause" of the statute, and it was struck down by the Supreme Court's *Johnson* decision as being unconstitutionally vague. *See id.* at 2557, 2563.[8]

The enhancement of Williams's federal sentence was based upon his previous convictions for: (1) federal kidnapping in 1977; (2) Kentucky first degree robbery, also in 1977; and, (3) Georgia armed robbery in 1983.[9] He does not challenge the sentencing court's reliance upon the robbery convictions to enhance the sentence, but he asserts that the kidnapping conviction was not a proper enhancer because it could

---

[8] The Supreme Court declared its holding in *Johnson* retroactive to cases on collateral review in *Welch v. United States*, – U.S. – , 136 S. Ct. 1257, 1265 (2016).

[9] *See* doc. no. 54 in case no. 2:97-cr-0377-CLS-JHE, at 9-13 (Presentence Investigation Report).

only have been considered under the residual clause of the ACCA, which is no longer valid after *Johnson*.

The Eleventh Circuit recently clarified the appropriate framework for determining whether a sentence was enhanced under the now-invalid residual clause:

> To prove a *Johnson* claim, a movant must establish that his sentence enhancement "turn[ed] on the validity of the residual clause." In other words, he must show that the clause actually adversely affected the sentence he received. *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016). Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a *Johnson* violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by *Johnson*) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.
>
> Critical to our decision on the merits issue in this case is the burden of proof and persuasion. The Government contends that a § 2255 movant bears the burden of proving that his sentencing enhancement was imposed because the sentencing court used the residual clause. Beeman argues that if it is merely possible that the court relied on that clause to enhance the sentence, then he has met his burden. We conclude, and hold, that, like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim. To prove a *Johnson* claim, the movant must show that — more likely than not — it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.

*Beeman*, 871 F.3d at 1221-22 (footnotes omitted, alteration in original).

The Eleventh Circuit provided some examples of evidence from the sentencing record that might indicate whether the district court relied on the residual clause:

> Some sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case. Nor do we mean to suggest that there will not sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR, which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others. And there could be other circumstances on which a movant can rely; the above are but a few examples. Each case must be judged on its own facts.

*Beeman*, 871 F.3d at 1224 n.4.

Here, Williams and the United States agree that there is nothing in the record of the sentencing proceedings to indicate the clause under which Williams's prior kidnapping conviction qualified for ACCA enhancement.[10] Instead, Williams argues that the state of the law at the time of his sentencing makes clear that his sentence could only have been enhanced pursuant to the residual clause. *See id.* at 1224 n.5

---

[10] *See* doc. no. 10 in case no. 2:16-cv-8101-CLS (Second Notice of Supplemental Authority to Mr. Williams's 28 U.S.C. § 2255 Motion), at 3 ("A focus on the law at the time of sentencing is particularly appropriate in Mr. Williams's case, because his Presentence Investigation Report ("PSR") did not identify any specific clause of the ACCA in classifying the kidnapping conviction as a violent felony."); doc. no. 12 in case no. 2:16-cv-8101-CLS (Response to Williams's Second Notice of Supplemental Authority), at 3 ("Williams acknowledges that nothing in the record reflects this Court's reliance in 1998 on the residual clause to find that his prior kidnapping conviction qualified as a violent felony.").

("[I]f the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause.") (alteration supplied).

When Williams was sentenced in 1998, the Eleventh Circuit had not commented on whether a federal kidnapping offense should be considered for ACCA enhancement under the elements clause, the residual clause, or both.[11] The United States asserts that the most applicable law at the time was the Eleventh Circuit's decision in *United States v. Salemi,* 26 F.3d 1084 (11th Cir. 1994). There, Salemi was found guilty on a federal kidnapping charge, and the issue on appeal was the length of his sentence. *Id.* at 1086. Salemi was eligible for a downward departure under the Sentencing Guidelines as a result of his diminished mental capacity, but *only if* his offense was "non-violent." *Id.* (citing U.S.S.G. § 5K2.13). The Eleventh Circuit held that:

> Kidnapping is a violent crime. Section 4B1.2, U.S.S.G., defines crime of violence as any offense that "*has as an element the use, attempted use, or threatened use of physical force against the person of another.*" Application Note 2 of U.S.S.G. § 4B1.2 includes kidnapping in its listing of crimes that are crimes of violence. The Commission recognized that kidnapping inherently involves the threat of violence.

---

[11] The court notes this is the case for most offenses. Before *Johnson,* there was no need for sentencing courts to specify the clause under which a sentence was enhanced, and most courts did not do so.

7

*Salemi,* 26 F.3d at 1087 (emphasis supplied). The *Salemi* decision is very persuasive, because, even though it concerned a "crime of violence" under the Sentencing Guidelines, the definition of that term is identical to the definition of a "violent felony" under the elements clause of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(i) ("[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another.") (alteration and ellipsis supplied). *See also United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) (alteration supplied) ("That the crime of kidnapping involves the threatened use of physical force against a person and is thus a crime of violence under [the elements clause of 18 U.S.C. § 924(c), which provides for a sentencing enhancement for using a firearm during a crime of violence,] cannot be questioned.").

Williams acknowledges that *Salemi* "makes the conclusion [of which clause supports an ACCA enhancement based upon a prior kidnapping charge] more 'unclear' than it otherwise would be."[12] He also acknowledges that "[c]lassifications of crimes of violence under the Guidelines often are practically conclusive as to classifications of violent felonies under the ACCA."[13] The court is not persuaded by

---

[12] Doc. no. 13 in case no. 2:16-cv-8101-CLS (Reply to Government's Response to Mr. Williams's Second Notice of Supplemental Authority), at 6.

[13] *Id.* (alteration supplied).

8

Williams's argument that the commentary to the Sentencing Guidelines renders the classification of federal kidnapping as a "crime of violence" irrelevant to the inquiry under the ACCA.

Williams asserts, on the other hand, that other courts' decisions indicated, prior to 1998, that kidnapping could only be considered a crime of violence under the residual clause of the ACCA. *See United States v. Williams*, 110 F.3d 50, 52-53 (9th Cir. 1997) (holding that a prior Oregon kidnapping charge was a "crime of violence" under the residual clause of the Sentencing Guidelines); *United States v. Kaplansky*, 42 F.3d 320, 323 (6th Cir. 1994) (holding that a prior Ohio kidnapping qualified for ACCA enhancement under the residual clause, where the government did not argue that it qualified under the elements clause); *United States v. Phelps*, 17 F.3d 1334, 1342 (10th Cir. 1994) (finding that a prior Missouri kidnapping offense qualified for ACCA enhancement under the residual clause).

In summary, there is persuasive authority supporting both the United States's and Williams's arguments. Thus, the best that can be said is that it was unclear at the time of Williams's 1998 sentencing whether his prior conviction for federal kidnapping would have been considered under the elements clause of the ACCA, the residual clause, or possibly both. Williams has thus failed to satisfy his burden under *Johnson* of proving that, more likely than not, the sentencing court relied upon the

residual clause to enhance his sentence. *See Beeman*, 871 F.3d at 1225 (citations omitted) ("Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses.").

### III. CONCLUSION

Because Williams had three prior convictions that qualified for enhancement as violent felonies under the elements clause (*i.e.,* federal kidnapping, Kentucky first degree robbery, and Georgia armed robbery), his sentence was properly enhanced under the ACCA, and his § 2255 motion is due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE this 26th day of November, 2018.

_____
United States District Judge